IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
Las Cruces, New Mexico

AUG - 7 2003

*Robert M. March*

CLERK

HARRY J. HOLBROOK,

      Plaintiff,

v.

                              CIV 02-1122 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Harry Holbrook has a college degree in economics. In addition to his six years service in the Army as a parachute jumper and in military intelligence, he worked as an appraiser for county assessor offices, a security officer, a real estate broker, and a loan officer for a mortgage company. He lost his last job in June 1999 at age thirty-eight due to his inability to attend work consistently, and received unemployment benefits for a year. In August 2000, he filed for benefits alleging a disability onset date of June 14, 2000 due to kidney problems and emphysema. *E.g., Administrative Record* ("*Record*") at 32, 34-36, 56, 69, 77, 84, 89, 98, 111-12, 120, 153.

The subject of Plaintiff's knees was not introduced until the November 27, 2001 evidentiary hearing before Administrative Law Judge ("ALJ") William F. Nail. There, Plaintiff's counsel introduced a copy of an October 2001 disability decision by the Department of Veterans Affairs ("VA") which assessed Plaintiff's "knee strain" disability in both knees at ten percent. *See id.* at 134. On counsel's request, ALJ Nail held the record open for thirty days for counsel to

19 .

submit additional documentation and told counsel he would also extend the thirty days upon counsel's written request. *Id.* at 28-29. After hearing Plaintiff's testimony about knee pain, ALJ Nail specifically noted he did not believe that he had any medical records regarding Plaintiff's knees, and therefore advised counsel to "be sure to get in all of the medical records." *Id.* at 65. Additional medical records were submitted after the hearing, but they do not pertain to diagnosis or treatment of knee pain. *See id.* at 345-88. The asserted absence of such evidence figured prominently in the ALJ's decision. *See id.* at 14 ("no medical evidence supports the presence of 'severe' back or knee impairments"); *id.* at 15 ("There is little to support his contentions of back or knee problems").

ALJ Nail further found that Plaintiff has the residual functional capacity to perform both "light" and "sedentary" work, and that he is therefore capable of engaging in his past relevant work as an appraiser or loan officer. As such, he found Plaintiff not disabled at Step 4 of the sequential analysis. *See id.* at 15-16. The Appeals Council declined review on July 5, 2002, thereby rendering the ALJ's decision final. *See id.* at 4.

This matter is before the Court on Plaintiff's Motion to Reverse or Remand, where he asserts that the ALJ committed three errors. *Doc. 12.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Doc. 3.* If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health &*

2

*Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff argues that ALJ Nail failed to fully develop the record because in February 2001,
the Administration only requested records from the VA from January 2000 to the present, which
at that time was February 2001. *See Record* at 312. He asserts that the VA disability decision
notes visits to VA doctors starting as early as 1989, and apparently contends that these older
records would have provided objective evidence of his knee problems. *See Doc. 13* at 16-18.
Plaintiff also argues that ALJ Nail committed another error of law by failing to mention the VA's
disability decision and failing to give any consideration to the decision in reaching his own. The
legal errors he asserts relate to part of his final argument that ALJ Nail erred in his credibility
finding by improperly relying on an absence of evidence to reject his assertions of knee pain. *See
id.* at 8.

There is no dispute that the ALJ did not consider the VA disability report. Since I cannot
substitute my judgment for the of the ALJ, it matters not whether I agree substantial evidence
supports the conclusion that Plaintiff is not disabled on the basis of the record before me. I
therefore cannot, as Defendant suggests, independently review the VA disability finding to see if
ALJ Nail's failure to consider that evidence was harmless error. *See Doc. 18* at 9. Binding
precedent plainly holds otherwise.

> Plaintiff was adjudged disabled by both the Veterans Administration
> and the New Mexico Human Services Department. . . . The ALJ
> did not address this evidence. "Although findings by other
> agencies are not binding on the [Commissioner], they are entitled
> to weight and must be considered." *Baca v. Dep't of Health &
> Human. Servs.,* 5 F.3d 476, 480 (10th Cir.1993) (quotation
> omitted). ***The ALJ's failure to address the other agencies'
> findings in this case is reversible error.***

3

*Miller v. Barnhart,* 43 Fed. Appx. 200, 204-05 (10th Cir. 2002) (reversing decision from District of New Mexico; further citation omitted and emphasis added); *see also e.g., Jones v. Barnhart,* 53 Fed. Appx. 45, 47 (10th Cir. 2002) ("While disability determinations by other agencies should be considered, [*Baca,* 5 F.3d at 480], they are not binding on the Commissioner"). Thus, this matter must be remanded to the Commissioner for further proceedings.

Because Plaintiff's counsel of record failed to file a reply or a notice of completion as required by our local rules, my chamber staff attempted to contact him to assure that briefing on the instant motion was complete. Although the telephone number of record for counsel had been disconnected, I was able to find a new listing for Mr. Hacker using the New Mexico Bar Association's website. On August 5th, I left a telephone message at his office in the New Mexico Attorney General's Office directing that he return my call with opposing counsel also on the phone line to address when to expect a substitution of counsel.

Accordingly, I will require the Clerk to send Mr. Michael F. Hacker a copy of this opinion to both his address of record and to him at the NM Attorney General's Office. I will also require the Clerk to mail a copy of this decision to Plaintiff at his address used by the Appeals Council.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 12)* is GRANTED and the matter is remanded to the Commissioner for further proceedings. A final order will enter concurrently herewith.

**IT IS FURTHER ORDERED** that the Clerk send a copy of this opinion to Michael F. Hacker at both his address of record and  at the NM Attorney General's Office, PO Box 1508,

4

Santa Fe NM 87504-1508.  The Clerk shall also mail a copy of this decision directly to Mr.

Harry Holbrook at 620 Roma Avenue, NW, Albuquerque, NM 87102.

UNITED STATES MAGISTRATE JUDGE
**Presiding** by consent.

5